```
 1  BENJAMIN B. WAGNER
    United States Attorney
 2  KEVIN C. KHASIGIAN
    Assistant U.S. Attorney
 3  501 I Street, Suite 10-100
    Sacramento, CA 95814
 4  Telephone: (916)554-2700

 5  Attorneys for the United States
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br>  v.<br><br>REAL PROPERTY LOCATED AT 1212 SOUTH VICTORY BOULEVARD, BURBANK, CALIFORNIA, LOS ANGELES COUNTY, APN: 5625-014-016, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,<br><br>  Defendant. | 2:11-CV-02390-GEB-DAD<br><br>STIPULATION AND ORDER FOR INTERLOCUTORY SALE OF DEFENDANT PROPERTY |

The United States of America and claimants MDC Realty Service, Inc.; John Forgy and Kinde Durkee, joint tenants; and the California Franchise Tax Board, hereby agree and stipulate to the following interlocutory sale pursuant to Rule G(7) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

    1.  The defendant in this action is described as real property located at 1212 South Victory Boulevard, Burbank, California, Los Angeles County, APN: 5625-014-016 (the "defendant property"), and more fully described as:

>   Real property in the City of Burbank, County of Los Angeles, State of California, described as follows:
>
>   LOT 49, TRACT 8190, IN THE CITY OF BURBANK, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 87, PAGES 79 TO 81 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY
>
>   EXCEPT THE SOUTHWESTERLY 10 FEET OF SAID LOT CONVEYED TO THE CITY OF BURBANK FOR STREET PURPOSES
>
>   APN: 5625-014-016

2.  On September 9, 2011, the United States filed a Verified Complaint for Forfeiture *In Rem* alleging that the defendant property was subject to forfeiture because the property constitutes or is derived from proceeds traceable to an offense constituting specified unlawful activity, to wit: violation of 18 U.S.C. § 1341; and is therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

3.  Beginning on September 16, 2011, for at least thirty consecutive days, the United States published Notice of the Forfeiture Action on the official internet government forfeiture site www.forfeiture.gov.  A Declaration of Publication was filed on October 20, 2011.

4.  On October 6, 2011, the defendant property was posted with the verified complaint and notice of complaint.

5.  Kinde Durkee and John Forgy, wife and husband, are the record owners of the defendant property.

6.  On October 13, 2011, Kinde Durkee and John Forgy separately filed claims in this action.

7.  On October 13, 2011, MDC Realty Service, Inc. filed a claim as the lien holder of the defendant property.  The Deed of Trust, dated August 31, 2005, was given to secure a Promissory

1 Note ("Note") in the original amount of $660,000.00. As of
2 October 1, 2011, the amount of unpaid principal on the Note was
3 approximately $660,000.00, and the interest currently due and
4 owing was $11,000.00. The Note is currently in default.

5     8. On October 27, 2011, the California Franchise Tax Board
6 filed a claim for unpaid tax liabilities of $17,471.12 as of
7 October 26, 2011.

8     9. No other parties have filed claims or answers in this
9 action and the time in which any person or entity may file a
10 claim and answer has expired.

11     10. The parties agree and hereby stipulate that an order
12 should be entered granting an interlocutory sale of the defendant
13 property as follows:

14     a. The defendant property will be sold by the U.S. Marshals
15 Service pursuant to the following terms:

16         i) The U.S. Marshals Service, or their designee shall
17 have sole authority to select the means of sale, including sale
18 by internet or through a licensed real estate broker, and shall
19 have sole authority over the marketing and sale of defendant
20 property.

21         ii) The U.S. Marshals Service shall have the defendant
22 property appraised by a licensed appraiser of its choosing. The
23 U.S. Marshals Service and the appraiser may have access to the
24 defendant property and structures, buildings, or storage sheds
25 thereon upon 48 hours telephonic notice.

26         iii) If necessary, the U.S. Marshals Service, and any
27 real estate broker employed by the U.S. Marshals Service, shall
28 have the right to put a "lock box" on the property to facilitate

1  the marketing and sale of the property.
2           iv)  The following costs, expenses and distributions
3  shall be paid in escrow from the gross sales price in the
4  following priority and to the extent funds are available:
5           A)  The costs incurred by the U.S. Marshals
6  Service to the date of close of escrow, including the cost of
7  posting, service, advertising, and maintenance.
8           B)  Any unpaid real property taxes, which shall be
9  prorated as of the date of the sale of the defendant property.
10          C)  A real estate commission not to exceed the
11 U.S. Marshals Service's contractual brokerage fee.
12          D)  The seller shall pay any county transfer
13 taxes.
14          E)  To MDC Realty Service, Inc., a sum to satisfy
15 an indebtedness under the Deed of Trust dated August 31, 2005,
16 and recorded in the official records of Los Angeles County as
17 Instrument Number 05-2237316 on September 16, 2005, in the
18 original amount of $660,000.00 plus all unpaid interest at the
19 contractual (not default) rate, plus any advances and costs
20 incurred by MDC Realty Service, Inc. up to the date of the payoff
21 of the loan, including, but not limited to any insurance
22 advances, tax advances, and property preservation costs.  As of
23 October 1, 2011, the principal and interest due and owing under
24 the Note was $671,000.00.  Interest will continue to accrue at a
25 rate of ten percent (10%) per annum from September 1, 2011.  The
26 exact amount to be paid to MDC Realty Service, Inc., shall be
27 determined at time of payment.
28          F)  To the California Franchise Tax Board, a sum

to satisfy an indebtedness under Notices of State Tax Liens recorded with the Los Angeles County Recorder on January 20, 2011, as Instrument Number 20110104171 and on October 3, 2011, as Instrument Number 20111337506.  As of October 26, 2011, the total amount owed was $17,471.12.  Interest currently accrues at a daily per diem rate of $1.44.  The exact amount to be paid to the California Franchise Tax Board, shall be determined at time of payment.

    G)   The net sale proceeds will be deposited with the U.S. Marshals Service as the substitute *res* in this case, and held pending further order of the Court.

   v)   Any liens or encumbrances against the defendant property that appear on record subsequent to the recording of plaintiff's *lis pendens* on November 1, 2011, and prior to the close of escrow may be paid out of escrow.  The United States may pay any such lien or encumbrance at its sole discretion.

   vi)   The costs of a lender's policy of title insurance (ALTA policy) shall be paid for by the buyer.

   vii)   All loan fees, "points" and other costs of obtaining financing shall be paid for by the buyer of the defendant property.

   viii)   Each party to this Stipulation shall execute all documents necessary to close escrow, if such signatures are required by the title insurer.

  11.  All parties to this Stipulation hereby release the United States and its servants, agents, and employees from any and all liability arising out of or in any way connected with the posting, forfeiture, or sale, of the defendant property.  This is

a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said posting, forfeiture, or sale, as well as to those now known or disclosed.  The parties to this Stipulation waive the provisions of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

12.   Claimants John Forgy and Kinde Durkee shall provide for and maintain hazard insurance up to and including December 31, 2012, to cover all buildings and other improvements that are now located on the defendant property.

13.   Except as specifically provided herein, claimants John Forgy and Kinde Durkee shall not convey, transfer, encumber, lien, or otherwise pledge the defendant property without the prior, written approval of the United States.

14.   Claimants John Forgy and Kinde Durkee shall remove all personal possessions, and the personal possessions of any former occupant, including all vehicles, furniture, and trash, within one week of receiving notice from the U.S. Marshall's service when the property has sold and permission from Pre-trial Services to enter the property and leave the property.  Any and all of claimant's personal possessions, and the personal possessions of any former occupant, not removed within one week will be disposed of by the United States without further notice.  Any cost incurred by the United States to evict claimant or for disposal of personal possessions shall be deducted from the net proceeds

1 from the sale of the defendant property.

2     15.  There was reasonable cause for the posting of the
3 defendant property, and the Court may enter a Certificate of
4 Reasonable Cause pursuant to 28 U.S.C. § 2465.

5     16.  Upon the sale of the defendant property, the United
6 States shall record a Notice of Withdrawal of Lis Pendens in Los
7 Angeles County regarding the defendant property.

8     17.  All parties will bear their own costs and attorneys'
9 fees, if any.

10     18.  Pending the sale of the property, and the disposition
11 of the proceeds, the parties hereby stipulate that the U.S.
12 District Court for the Eastern District of California, Hon.
13 Garland E. Burrell, Jr., District Judge, shall retain
14 jurisdiction to enforce the terms of this compromise settlement.

16 DATED: 3-6-12                    BENJAMIN B. WAGNER
                                    United States Attorney

18                             By:  /s/ Kevin C. Khasigian
                                    KEVIN C. KHASIGIAN
19                                  Assistant U.S. Attorney

21 Dated: 3-2-12                    /s/ Brian A. Branine
                                    BRIAN A. BRANINE
22                                  Counsel for Claimant MDC Realty
                                    Service, Inc.

24 Dated: March 5, 2012             /s/ Amy J. Winn
                                    AMY J. WINN
25                                  Counsel for Claimant California
                                    Franchise Tax Board

Dated: March 5, 2012                /s/ John Forgy
                                    John Forgy
                                    Claimant


ACKNOWLEDGMENT

State of California      )
                         )
County of Los Angeles    )

On March 5, 2012 , before me, Maria Jackson      , Notary Public, personally appeared John Forgy          , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/~~are~~ subscribed to the within instrument and acknowledged to me that he/~~she/they~~ executed the same in his/~~her/their~~ authorized capacity(~~ies~~), and that by his/~~her/their~~ signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.


Signature /s/ Maria Jackson

```
        MARIA JACKSON
      Commission # 1908761
   Notary Public - California
       Los Angeles County
```

Dated: 3/5/12                    /s/ Kinde Durkee
                                 Kinde Durkee
                                 Claimant


ACKNOWLEDGMENT

State of California    )
                       )
County of Los Angeles  )

On March 5, 2012, before me, Maria Jackson, Notary Public, personally appeared Kinde Durkee, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/~~are~~ subscribed to the within instrument and acknowledged to me that ~~he~~/she/~~they~~ executed the same in ~~his~~/her/~~their~~ authorized capacity(~~ies~~), and that by ~~his~~/her/~~their~~ signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature  /s/ Maria Jackson

> MARIA JACKSON
> Commission # 1908761
> Notary Public - California

                    (Signatures retained by attorney)

**ORDER**

1.  The defendant property shall be sold pursuant to the terms set forth above in the Stipulation for Interlocutory Sale.

2.  The net proceeds from the sale of the defendant property shall be deposited into the Department of Justice Seized Asset Deposit Fund, substituted as the *res* herein, and held pending further order of the Court.

3.  The forfeiture action pending shall proceed against the substitute *res* in lieu of the defendant property sold pursuant to this Stipulation.

IT IS SO ORDERED.

Dated:  March 23, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge